MANUFACTURERS ACCEPTANCE CORP.

*v.*

BANK OF KNOXVILLE.

(*Knoxville*, September Term, 1958)

Opinion filed June 5, 1959.

L. B. BOLT, JR., Knoxville, for appellant.

W. E. FITZGERALD, Knoxville, for Bessie Haynes.

ELY & ELY, Knoxville, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a contest between the Bank of Knoxville, complainant below and Manufacturers Acceptance Corporation, defendant below, to determine which had the superior claim to the same automobile. All of the facts have been stipulated.

The record discloses that one, Redmond, was a used car dealer and he also conducted a driver training school. In August, 1956, Redmond obtained a loan from

the Bank of Knoxville, giving as security for it a 1955 Chevrolet equipped for use in the driver training courses.

On March 15, 1957, Redmond purchased from one Blanton a 1956 Chevrolet, the car involved in this litigation which at such time was equipped with special dual controls suitable for driver training. Redmond borrowed from the Bank of Knoxville to pay for the Blanton car. This loan was for $1,722 for which Redmond gave a note secured by a chattel mortgage on the 1956 Chevrolet.

The Bank of Knoxville immediately forwarded notice of its note and mortgage to the Department of Motor Vehicle Title Division and was furnished the title certificate to the 1956 Chevrolet with a notation of the bank's lien thereon. Since that time the certificate has been in possession of the Bank of Knoxville.

Between March 16 and June 27, 1957, Redmond removed the dual controls from the 1956 Chevrolet, put dealer tags on it and placed it in his regular stock of used cars for sale.

On June 27, 1957, Redmond, after representing to Bessie Haynes that said 1956 Chevrolet was for sale, sold it to her, furnishing at the time a notarized bill of sale containing a warranty against encumbrance. Part of the consideration for the sale to Bessie Haynes was $42 cash and an automobile she traded in at $595. The balance of the purchase price was secured by a title retained contract executed by Bessie Haynes to Redmond for $1,905. The Haynes contract was purchased for Redmond by Manufacturers Acceptance Corporation.

Thereafter Bessie Haynes made some small payments on her contract. At the time of purchase she applied to the Motor Vehicle Registration Division for title but neither she nor Manufacturers Acceptance Corporation was able to get title because of the previously registered unreleased lien of the Bank of Knoxville on the 1956 Chevrolet. Upon such failure of title Bessie Haynes elected to rescind her contract and gave notice to the Manufacturers Acceptance Corporation. On March 8, 1958, Bessie Haynes surrendered the 1956 Chevrolet to Manufacturers Acceptance Corporation when the said company replevied it.

The question before us deals with the rights of two lien holders, the bank and the finance company each of which made a loan upon the same car at separate times.

Was the recorded lien of Bank of Knoxville sufficient to constitute constructive notice to Manufacturers Acceptance Corporation of existence of the Bank's previously recorded lien?

Some courts have held that the recording of a chattel mortgage or conditional sales contract constitutes constructive notice to all persons of the existence of the lien secured by one or the other of those instruments. Other courts hold that recording does not have the legal effect of notice. 136 A.L.R. 821 *et seq.*

It seems reasonably clear that the existing statutory law and the law of this State harmonize with the group of authorities which holds that recording of the instruments under discussion constitutes constructive notice.

Our Motor Vehicle Registration Law T.C.A. sec. 59-327(a) holds that the filing and notation of the lien or

encumbrance _____ shall constitute constructive notice
of all liens and encumbrances against the vehicle _____
to subsequent purchasers and encumbrancers _____ etc.
_____ from the time of receipt and filing of the request
for notation.

T.C.A. sec. 59-327(b) states that this method of giving
constructive notice of a lien or encumbrance upon a
motor vehicle _____ shall be exclusive except as to liens
dependent upon possession.

Now, T.C.A. sec. 59-327 provides for filing request for
a notation of lien and that such notation, when made, is
constructive notice to the world of the existence of the
lien.

■ In the cause now before us it seems that the Manu-
facturers Acceptance Corporation put too much faith in
its car dealer and failed to check the record for encum-
brances.

If there was a prior unreleased lien, Manufacturers
Acceptance Corporation, not Bessie Haynes, the pur-
chaser, would have been the holder of the legal title at
least until the purchaser's debt was paid off. Redmond
appears to be the wrongdoer, whose fraudulent conduct
had caused Manufacturers Acceptance Corporation and
Bessie Haynes to suffer losses.

The mere fact that Redmond did not have the certifi-
cate of title was sufficient to place the appellant upon
notice that something was wrong.

Section 59-321, T.C.A. provides as follows:

"When the transferee of a vehicle is a dealer * * *
upon transferring his title or interest to another per-

son, shall execute an assignment and warranty of title upon the certificate of title, if in his possession or if in the possession of lienor, or he shall execute a bill of sale and deliver the same to the person to whom such transfer is made, together with his evidence of ownership. * * *,"

When Redmond did not have certificate of title to this automobile, not only should Mrs. Haynes have been put on notice, but most certainly should the appellant, who was in business and should have been familiar with the provisions of the act. Inquiries of the Motor Vehicle Division at Nashville would have divulged the fact that Redmond had already mortgaged the automobile to the Bank of Knoxville, who had registered their lien with the Division in Nashville. In this connection see *White v. Mid-City Motor Co.*, 39 Tenn.App. 429, 284 S.W.2d 689.

It results that we find no error in the decree of the Chancellor awarding possession of the automobile in question to the Bank of Knoxville.